# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50297 | **DATE** | 5/24/2011 |
| **CASE TITLE** | U.S.A. vs. DeMarlon J. Lewis | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the request for an evidentiary hearing, denied the § 2255 motion as to all claims, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT - OPINION

DeMarlon Lewis, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, challenging his conviction of conspiracy (18 U.S.C. § 846) and attempted possession of cocaine with the intent to distribute (18 U.S.C. § 841(a)(1)), and his sentence of 300 months' imprisonment. The Government has filed a response, and Lewis has filed a reply. In his reply, Lewis also requests an evidentiary hearing.

<u>Background</u>

Lewis and co-defendants, James King and Joaquin Tankey, were charged with plotting to rob a cocaine stash house, which in reality did not exist. Tankey pleaded guilty, but Lewis and King opted for a jury trial.

The evidence at trial primarily consisted of the testimony of DEA agent Gomez and various recorded conversations involving defendants. Neither Lewis nor King testified.

According to Gomez, a confidential informant (CI) initially discussed with Tankey a plan to rob a cocaine stash house. Subsequently, the CI arranged a meeting between Gomez and Tankey. Gomez told Tankey a story that he was a disgruntled courier for Mexican drug traffickers who wanted to arrange the theft of 20 kilograms of cocaine from a stash house. Gomez testified that Tankey agreed to assemble a "crew" to rob the stash house.[1]

After Tankey had recruited King, Gomez warned them that the drug dealers at the stash house would be heavily armed. Gomez reiterated that there would be 20 kilos of cocaine at the house. Gomez offered both Tankey and King a chance to back out, but they indicated they wanted to go through with the plan.

On the day of the planned robbery, Tankey and King arrived with Lewis. Lewis told Gomez he was willing to proceed with the robbery of the stash house. Lewis also indicated to Gomez that he knew there would be 20 kilos of cocaine in the house.

Gomez and defendants proceeded to a storage facility which Gomez had explained was where he wanted them to drop off his share of the cocaine. Upon arriving at the storage facility, defendants were arrested. The arresting officers found a loaded handgun on Tankey and another gun in defendants' car.

Prior to trial, King and Lewis moved for a bill of particulars as to whether the Government was basing its case on their conspiring to rob the stash house or only Gomez. The court denied the motion for a bill of particulars. See United States v. Lewis, 06 CR 50074, Order dated Feb. 15, 2008.

The jury found both defendants guilty on all counts related to the conspiracy and drug offenses. The jury also found that the drug offenses involved five or more kilos of cocaine.

Lewis filed a direct appeal in which he did not challenge the sufficiency of the evidence underlying his conviction. United States v. Lewis, 350 Fed. Appx. 74, 76 (7th Cir. 2009). Instead, Lewis raised two issues: (1) whether the court abused its discretion in denying the motion for a bill of particulars; and (2) whether the evidence was sufficient to support the jury finding that the offense involved at least five kilos of cocaine. Lewis, 350 Fed. Appx. at 76-77. The Court of Appeals rejected both contentions and affirmed Lewis's conviction and sentence.

Claims

In the present motion, Lewis raises the following claims: (1) trial counsel was ineffective for failing to object to the Government's introduction of prejudicial evidence not charged in the indictment; (2) trial counsel was ineffective for failing to present "intricately related" evidence that would have proved Lewis's innocence; (3) the court erred in failing to instruct the jury on the distinction between a conspiracy to commit robbery of cocaine and a conspiracy to distribute cocaine; (4) the court erred when it allowed inadmissible evidence under Fed. R. Evid. 801(d)(2)(E); (5) the court erred when it found that 20 kilos of cocaine was foreseeable to Lewis; and (6) the evidence was insufficient for a rational jury to find that a conspiracy to distribute cocaine existed.

Ineffective Assistance of Counsel

In order to establish ineffective assistance of counsel, a petitioner must establish that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) he suffered resulting prejudice. Gentry v. Sevier, 596 F. 3d 838, 851 (7th Cir. 2010). Regarding performance, a petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Gentry, 596 F. 3d at 851. In order to establish sufficient prejudice resulting from counsel's unprofessional errors, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Gentry, 596 F. 3d at 851.

The first claim, that counsel was ineffective for failing to object to prejudicial evidence not charged in the indictment, fails. Lewis's trial counsel joined in his co-defendant's motion for a bill of particulars. The motion for a bill of particulars sought to identify the precise nature of the evidence that the Government planned to use to prove its case. The court rejected the motion because the Government is not required to allege its evidence in the indictment and is allowed to prove the charges by various evidentiary means at trial. This ruling was affirmed on direct appeal. Lewis, 350 Fed. Appx. at 77. Thus, the failure to object to the introduction of the evidence used to prove the charged offenses was not ineffective.

The second claim of ineffective assistance of trial counsel is also without merit. Lewis contends that his counsel was ineffective for failing to introduce evidence that a CI had purchased three guns from Tankey prior to the conspiracy and that such evidence would have shown that he was "derivatively entrapped" into committing the charged offenses.

The failure to introduce such evidence was not ineffective. First, the court had already ruled that evidence related to the relationship between the CI, Gomez, and Tankey was to be limited to that necessary to provide the proper background and that such evidence was potentially unnecessary and prejudicial. This was so because evidence that Tankey possessed numerous guns, while not particularly relevant to the charged offenses, would have shown a propensity to commit the charged offenses which could have been attributable to Lewis. In light of this ruling, counsel could not be expected reasonably to succeed in any effort to introduce such evidence. In light of this ruling, counsel could not be expected reasonably to succeed in any effort to introduce such evidence.

Second, Lewis has failed to explain how such evidence would have helped, as opposed to damaged, his case.

## STATEMENT - OPINION

There was simply no basis for an entrapment defense in this case, let alone one based on a theory of "derivative entrapment."

Lewis also raises a conglomeration of additional, undeveloped arguments as to why his trial counsel was ineffective. These arguments also fail. Evidence of a conspiracy alone was sufficient to prove a violation of § 846, see United States v. Albarran, 233 F. 3d 972, 977 (7th Cir. 2000), and there was ample evidence showing that Lewis and his co-defendants intended to obtain 20 kilos of cocaine for the purpose of distributing it. Finally, trial counsel was not ineffective as it related to any erroneous finding by the jury that Lewis entered an agreement with his co-defendants as opposed to Gomez only. While it is difficult to decipher Lewis's theory of ineffective assistance of counsel in this regard, any such claim fails as there was ample evidence that Lewis conspired with Tankey and King. Further, the court advised the jury that if Lewis conspired with Gomez only that that would not provide a basis to find him guilty of conspiracy.[2]

Other Claims

The remainder of Lewis's claims are not cast in terms of ineffective assistance of counsel and were not raised on direct appeal. Claims that are raised for the first time in a § 2255 motion are procedurally barred if they could have been raised on direct appeal. Sandoval v. United States, 574 F. 3d 847, 850 (7th Cir. 2009). All of Lewis's claims not based on ineffective assistance of counsel could have been but were not raised on direct appeal and are therefore waived. Further, Lewis has not identified any cause and prejudice for such waiver. See Sandoval, 574 F. 3d at 851 n.1. Thus, the remaining claims are denied.

For the foregoing reasons, the court denies the request for an evidentiary hearing, denies the § 2255 motion as to all claims, and dismisses this cause in its entirety.

---

1. In reality, there was no stash house as the story told by Gomez was fictional.

2. To the extent Lewis claims that the Government could have arrested Tankey after he sold the guns to the CI, such a claim is difficult to discern in the context of the ineffective assistance of counsel. Further, it lacks merit because the Government was not prohibited from fully investigating Tankey and any other potential defendants, including Lewis.